## Grubbs v. Fox, Special Judge, et al.

(Decided February 19, 1932.)

MILLARD D. GRUBBS pro se.

ALVAN H. CLARK for respondents.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Denying writ.

The petitioner, an attorney, was, by judgment entered in the Christian circuit court, on October 8, 1929, disbarred from the practice of law in this state. He thereafter brought suit in that court under section 518 of the Civil Code of Practice to vacate and set aside the judgment of disbarment. The regular circuit judge declining to sit in the trial of the case, the honorable L. R. Fox, a member of the bar, was designated by the Chief Justice to preside. When the suit to vacate the judgment of disbarment was called for trial, a jury was waived, and the case was heard by the trial judge on the law and facts. At the conclusion of the trial, he entered a judgment declining to vacate the judgment of October 8, 1929. The present proceeding is for a writ of mandamus to compel the special judge who heard the suit to vacate the judgment of disbarment and to file in that action a separation of the law and facts. From the response of the special judge and certified copies of the orders entered below in the suit to vacate the October judgment, it appears that a separation of law and facts was expressly waived by the petitioner. The judgment recites: ''By agreement of parties, the separation of law and facts is waived.'' Section 332 of the Civil Code of Practice specifically provides that it shall not be necessary for the court to separate its findings of law and fact, unless one of the parties request it, and, inasmuch as the record shows that the petitioner expressly waived

his right to require a separation of the law and facts, he cannot by this proceeding compel the trial judge to separate them.

The petition for writ of mandamus is denied.